## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CELEBRATION FESTIVALS LLC,
5267 Warner Ave.
Huntington Beach, CA 92649,

                Plaintiff,

   v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

                Defendants.

Civil Action No.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Celebration Festivals LLC ("Celebration Festivals" or the "Company"), by and through its attorneys, alleges and states as follows:

### INTRODUCTION

1.     This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by

the global COVID-19 pandemic.  The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3.      Celebration Festivals promotes live performances by musicians and other artists at Winter Fest OC, an annual winter holiday season festival in Orange County, California. Celebration Festivals demonstrated eligibility for a SVOG award as a live venue promoter in its application to the SBA and, following an initial denial, an appeal to the SBA.  The SBA denied Celebration Festivals' appeal.

4.      The SBA supported the denial of Celebration Festivals' appeal with cursory statements that Celebration Festivals or one of the Company's principals in "the past five years, was convicted, plead guilty, or pleaded nolo contendere under specified conditions" and that the Company "did not meet the principal business activity standard for the entity type under which [it] applied."

5.      The statutory prohibition on which the SBA's denial relies relates only to a federal grant recipients' failure to pay federal taxes and only applies to applications for grants in excess of $5,000,000.  Celebration Festivals applied for a SVOG award of $1,062,474.60.  And Celebration Festivals and its principal (1) have filed all federal taxes for the 3-year period preceding the Company's SVOG application, (2) have not been convicted of a criminal offense under the Internal Revenue Code of 1986, and (3) have not been notified of any unpaid tax assessment.

6.      Celebration Festivals' principal business activity is promoting, organizing, producing, and managing a winter festival featuring live concerts and other live performances by performing artists.

7.      The COVID-19 pandemic has had a devastating impact on Celebration Festivals, forcing it to cancel Winter Fest OC in 2020 and 2021 and lose 100% of its revenue.  The Company needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Celebration Festivals recover from the major setbacks they have experienced during the pandemic.

8.      Because SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards or Congress rescinds the remaining funds, eligible businesses may not be able to receive the emergency assistance.  Thus, even though Celebration Festivals demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Celebration Festivals' application.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

10.     Venue lies in this district under 28 U.S.C. § 1391(e)(1).

11.     This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

12.     Since 2017, Plaintiff Celebration Festivals LLC has promoted live music concerts and other performances by artists at the annual Winter Fest OC in Costa Mesa, California.  Winter Fest OC performing musical artists include many of Southern California's most popular tribute bands, including Escape, a tribute to Journey, Earth to Mars, a tribute to Bruno Mars, and Queen Nation, a tribute to Queen.  Other performing artists include DJs, a magician, Christmas carolers, storytellers, stilt walkers, and licensed cartoon characters.

13.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build, and grow businesses.

14.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

15.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Economic Aid Act"), signed into law December 27, 2020, included $15 billion for grants to operators and promoters of shuttered venues and entities impacted by shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Economic Aid Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

16.     SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

17.     An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

18.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50% of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-

venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

19.     Eligible entities under the Economic Aid Act include live venue promoters.  15 U.S.C. § 9009a(a)(1)(A).

20.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).

21.     The Economic Aid Act defines live venue promoters to include an entity that as a principal business activity organizes, promotes, produces, or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount, and not less than 70% of revenue is generated through ticket sales or event beverages, food, or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

22.     The Economic Aid Act specifies that for a live venue promoter, the venues being promoted must have additional characteristics.  The venues must have defined performance and audience spaces; use mixing equipment, a public address system, and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.      Celebration Festivals' SVOG Application and the SBA's Denial**

23.     On April 26, 2021, Celebration Festivals applied for a SVOG award of $1,062,474.60.

24.     On July 26, 2021, Celebration Festivals learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found Celebration Festivals ineligible.

25.     On September 3, 2021, Celebration Festivals submitted an administrative appeal of the denial to the SBA.

26.     In its application and appeal, Celebration Festivals demonstrated that the Company meets the criteria for eligibility as a live venue promoter.  Celebration Festivals' evidence of its eligibility included: contracts with performing artists; live entertainment ledger for April 2019–March 2020 identifying performing artists and their paid fees; marketing materials; production calendars; diagrams and blueprints showing the venue's stages and seating areas; photographs of the venue and performances; contracts for sound and mixing equipment and a public address system; an invoice for lighting rigs; contracts for audio engineer, stage manager, and booker; federal tax returns; signed profit and loss statements; and a comfort letter from the Company's certified public accountant.  Celebration Festivals also submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

27.     On October 22, 2021, the SBA notified Celebration Festivals by email that its appeal was denied.  The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that Celebration Festivals' appeal was declined "at least in part" based on reasons 8 and 10.  Reason 8 is listed as "In the past five years, was convicted, plead guilty, or pleaded nolo contendere under specified conditions."  Reason 10 is listed as "Did

not meet the principal business activity standard for the entity type under which applied." The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

28.    The SBA's denial email referenced the "SVOG Eligibility Matrix" which lists eligibility criteria, the eighth of which states: "Must not have done any of the following in the past 5 years: (1) been convicted… (2) pleaded guilty… (3) pleaded nolo contendere…" SBA, *SVOG Eligibility Matrix* p. 2 ¶ 8 (July 13, 2021) https://www.sba.gov/document/support-shuttered-venue-operators-grant-eligibility-matrix (ellipses in original). The Matrix lists the "Statute Referenced" for the eighth criterion as "Pub. L. No. 113-235, Title V, Div. B, § 523."

29.    This cited public law is the Consolidated and Continuing Appropriations Act for fiscal year 2015, which limits awards of funds "appropriated or otherwise made available under th[at] Act" through federal contracts and grants in amounts greater than $5,000,000 by requiring certification that the contractor or grantee "has filed all Federal tax returns required during the three years preceding the certification, has not been convicted of a criminal offense under the Internal Revenue Code of 1986, and has not, more than 90 days prior to certification, been notified of any unpaid Federal tax assessment for which the liability remains unsatisfied," subject to certain exceptions. Pub. L. No. 113-235, Title V, Div. B, § 523.

30.    The SVOG award that Celebration Festivals requested is $1,062,474.60, which is less than $5,000,000. Celebration Festivals and its principal have filed all federal taxes for the 3-year period preceding the Company's SVOG application. Neither Celebration Festivals nor its

principal has been convicted of a criminal offense under the Internal Revenue Code of 1986 or received notification of any unpaid Federal tax assessment for which liability remains unsatisfied.

31.     The SBA's October 22, 2021 denial of Celebration Festivals' appeal is the agency's final decision.

32.     The SBA has approved the SVOG applications of entities with business models similar to Celebration Festivals, including Epic Entertainment Group LLC and 13th Floor Entertainment LLC.  Like Celebration Festivals, those businesses promote and put on winter festivals featuring live performing artists.  Epic Entertainment Group LLC is a competitor of Celebration Festivals.

**CLAIMS FOR RELIEF**

33.     The courts recognize a strong presumption favoring judicial review of administrative action.

34.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

35.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

36.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

37.     The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

38.     Celebration Festivals realleges and incorporates by reference each of the preceding paragraphs and allegations.

39.     A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying Celebration Festivals' application, and instead provided only a conclusory decision citing a basis for ineligibility that did not apply to Celebration Festivals' SVOG application.

40.     The SBA further erred by treating Celebration Festivals disparately from similarly situated businesses, including direct competitors of Celebration Festivals, that were granted SVOG awards.

41.     Indeed, the SBA's decision on Celebration Festivals' SVOG application conflicts with the evidence the Company presented of its eligibility for a SVOG award as a live venue promoter.

42.     For each of these reasons, the SBA's denial of Celebration Festivals' SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

43.     Celebration Festivals realleges and incorporates by reference each of the preceding paragraphs and allegations.

44.     Celebration Festivals meets the Economic Aid Act's definition of live venue promoter and satisfies the Economic Aid Act's general eligibility criteria for a SVOG award.

45.     The SBA's denial of Celebration Festivals' SVOG award request therefore violated the Economic Aid Act and is contrary to law.

**COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

46.    Celebration Festivals realleges and incorporates by reference each of the preceding paragraphs and allegations.

47.    The SBA's denial of Celebration Festivals' SVOG award request is supported by no evidence in the record.  Celebration Festivals' application and appeal presented evidence that demonstrates Celebration Festivals is eligible for a SVOG award.

48.    The SBA's denial of Celebration Festivals' SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Celebration Festivals respectfully requests that this Court:

1.    Declare unlawful and set aside Defendants' denial of Celebration Festivals' SVOG award request.

2.    Preliminarily and permanently order Defendants to consider Celebration Festivals' application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.    Preliminarily and permanently order Defendants to award Celebration Festivals $1,062,474.60 Celebration Festivals in SVOG funds.

4.    Preliminarily and permanently order Defendants to grant Celebration Festivals a supplemental SVOG award of $531,237.30.

5.    Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.    Award Plaintiff its costs and reasonable attorney fees; and

7.    Grant such other and further relief as the Court deems just and proper.

Dated: April 14, 2022                              Respectfully submitted,

                                                  /s/ Caroline L. Wolverton

                                                  _____
                                                  Angela B. Styles
                                                  D.C. Bar No. 448397
                                                  Caroline L. Wolverton
                                                  D.C. Bar No. 496433
                                                  AKIN GUMP STRAUSS HAUER & FELD LLP
                                                  2001 K Street, N.W.
                                                  Washington, D.C. 20006
                                                  (202) 887-4000

                                                  *Counsel for Plaintiff Celebration Festivals LLC*